Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendant
CR Wooster Street Corporation d/b/a Cynthia Rowley

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN RONDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BOARDRIDERS, INC., a California corporation; CR WOOSTER STREET CORPORATION d/b/a CYNTHIA ROWLEY, a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-02071-FWS-KES<br><br>**DEFENDANT CR WOOSTER STREET CORPORATION d/b/a CYNTHIA ROWLEY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant CR WOOSTER STREET CORPORATION D/B/A CYNTHIA ROWLEY ("CRW" or "Defendant"), by and through its attorneys, Rutan & Tucker, LLP, for itself alone, hereby answers the complaint of plaintiff MARILYN RONDON ("Plaintiff") as follows:

**ANSWER**

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff purports to assert a claim under the Copyright Act and related claims. Except as expressly admitted herein, Defendant denies the allegations of paragraph 1 of the Complaint.

## THE PARTIES

2. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 2 of the Complaint, and on that basis denies such allegations.

3. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 3 of the Complaint, and on that basis denies such allegations.

4. Defendant denies that it has "multiple boutique locations" in California; Defendant has one permanent location in California. Otherwise Defendant admits the allegations of paragraph 4 of the Complaint.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant denies the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant denies the allegations of paragraph 7 of the Complaint.

8. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 8 of the Complaint, and on that basis denies such allegations.

9. Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

### A. Background on Plaintiff and the Color Studies[1]

11. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 11 of the Complaint, and on that basis denies such allegations.

12. Defendant lacks information and belief sufficient to allow it to admit or

---

[1] Defendant does not believe the headings in the Complaint are, or are intended to be, factual allegations. However, to the extent such headings could be deemed to be factual allegations that require a response, Defendant denies each and every allegation in the headings.

deny the allegations of paragraph 12 of the Complaint, and on that basis denies such allegations.

13. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis denies such allegations.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 15 of the Complaint, and on that basis denies such allegations.

16. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 16 of the Complaint, and on that basis denies such allegations.

17. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 17 of the Complaint, and on that basis denies such allegations.

18. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 18 of the Complaint, and on that basis denies such allegations.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

**B. <u>Background on Defendants Boardriders and Rowley</u>**

20. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 20 of the Complaint, and on that basis denies such allegations.

21. Defendant objects to any disclosure of Defendant's supposed revenues, as such information is private and proprietary. Defendant otherwise admits the allegations of paragraph 21 of the Complaint.

**C. <u>The Color Studies and Defendants' Access Thereto</u>**

22. Defendant lacks information and belief sufficient to allow it to admit or

deny the allegations of paragraph 22 of the Complaint, and on that basis denies such allegations.

23. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 23 of the Complaint, and on that basis denies such allegations.

24. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 24 of the Complaint, and on that basis denies such allegations.

25. Defendant admits that Cynthia Rowley's estranged husband, on information and belief, owns the Half Gallery. Except as expressly admitted herein, Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 26 of the Complaint, and on that basis denies such allegations.

**D. Defendants' Infringement**

27. Defendant admits the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint (including footnote 1).

33. Defendant denies the allegations of paragraph 33 of the Complaint.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant denies the allegations of paragraph 35 of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

**E. Plaintiff Was Substantially Harmed by Defendants' Infringement**

**and Defendants Have Unfairly Benefited**

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

**F. Members of the Public Show Support for Plaintiff on Social Media**

42. Defendant admits that Plaintiff has published false and defamatory comments about Defendant on Plaintiff's Instagram account. Except as expressly admitted herein, Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff has published false and defamatory comments about Defendant on Plaintiff's Instagram account. Except as expressly admitted herein, Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 44 of the Complaint, and on that basis denies such allegations.

**G. Plaintiff Unsuccessfully Attempts to Resolve the Issue with Defendants**

45. Defendant denies the allegations of paragraph 45 of the Complaint as it relates to Defendant. As to Boardriders, Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 45 of the Complaint, and on that basis denies such allegations.

46. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 46 of the Complaint, and on that basis denies such allegations.

47. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 47 of the Complaint, and on that basis denies such allegations.

48. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 48 of the Complaint, and on that basis denies such allegations.

49. Defendant denies that there were any "prior acts of infringement" as alleged in paragraph 49. As to the remaining allegations of paragraph 49, Defendant lacks information and belief sufficient to allow it to admit or deny such allegations, and on that basis denies such allegations.

50. Defendant lacks information and belief sufficient to allow it to admit or deny the allegations of paragraph 50 of the Complaint, and on that basis denies such allegations.

51. Defendant denies the allegations of paragraph 51 of the Complaint. In particular, Plaintiff never sent Defendant or Ms. Rowley a letter or otherwise attempted to engage in a discussion.

**FIRST CAUSE OF ACTION**

**(Copyright Infringement - 17 U.S.C. §§ 102 and 106, *et seq.***

**(Direct, Contributory, Vicarious)**

52. Defendant incorporates by reference paragraphs 1 through 51 inclusive as set forth above.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 54 of the Complaint.

55. Defendant denies the allegations of paragraph 55 of the Complaint.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

**SECOND CAUSE OF ACTION**

**(Contributory Copyright Infringement)**

59. Defendant incorporates by reference paragraphs 1 through 58 inclusive as set forth above.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

**THIRD CAUSE OF ACTION**

**(Vicarious Copyright Infringement)**

64. Defendant incorporates by reference paragraphs 1 through 63 inclusive as set forth above.

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant denies the allegations of paragraph 67 of the Complaint.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

**FOURTH CAUSE OF ACTION**

**(Violation of *California Civil Code* § 980)**

69. Defendant incorporates by reference paragraphs 1 through 68 inclusive as set forth above.

70. Defendant denies the allegations of paragraph 70 of the Complaint.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

72. Defendant denies the allegations of paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 73 of the Complaint.

**FIFTH CAUSE OF ACTION**

**(Violation of *California Business and Professions Code* §17200)**

74. Defendant incorporates by reference paragraphs 1 through 73 inclusive as set forth above.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

77. Defendant denies the allegations of paragraph 77 of the Complaint.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

**AFFIRMATIVE DEFENSES**

80. Without admitting that the following defenses must be pled as affirmative defenses, or that Defendant bears the burden of proof or persuasion as to any of them, Defendant asserts the following:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

81. The Complaint and each purported claim for relief alleged therein fail to state facts sufficient to constitute any claim for relief.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Copyrightable Subject Matter)**

82. Plaintiff's claimed works are not copyrightable subject matter.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Originality or Authorship)**

83. Plaintiff's claimed works are not copyrightable because they lack sufficient originality or authorship.

**FOURTH AFFIRMATIVE DEFENSE**

**(Scenes A Faire)**

84. Plaintiff's alleged copyrights are invalid, and/or there can be no infringement based on the doctrine of Scenes a Faire.

**FIFTH AFFIRMATIVE DEFENSE**

**(Merger)**

85. Plaintiff's alleged copyrights are invalid, and/or there can be no infringement based on the doctrine of merger.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

86. The Complaint and each purported claim for relief alleged therein are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

87. The Complaint and each purported claim for relief alleged therein are barred by laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

88. To the extent Defendant infringed any copyright belonging to Plaintiff, which Defendant denies, such infringement was innocent and not willful.

**NINTH AFFIRMATIVE DEFENSE**

**(No Substantial Similarity)**

89. If Plaintiff's claimed works are protectable under the Copyright Act, Plaintiff cannot establish that Defendant's designs were substantially similar.

**TENTH AFFIRMATIVE DEFENSE**

**(Thin Copyright Protection, If Any)**

90. If Plaintiff's claimed works are protectable under the Copyright Act, they are entitled to only very thin scope, which protects only against essentially identical copies. Plaintiff will be unable to establish infringement under the applicable standard.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Access)**

91. If Plaintiff's claimed works are protectable under the Copyright Act, Plaintiff cannot establish that Defendant had access to them.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Damages Speculative)**

92. Plaintiff's alleged damages are speculative and, therefore, not recoverable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

93. To the extent Plaintiff suffered or is entitled to any damages at all, Plaintiff failed to mitigate its damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands/Copyright Misuse)**

94. Plaintiff's claim is barred by the doctrine of unclean hands and/or copyright misuse.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent/Waiver/Estoppel)**

95. Plaintiff's claim is barred by the doctrines of consent, waiver and estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Statutory Damages or Attorneys' Fees)**

96. Plaintiff may not seek statutory damages or attorneys' fees because Plaintiff did not have a copyright registration when the alleged infringement occurred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Injunctive or Other Equitable Relief)**

97. Plaintiff is not entitled to injunctive or other equitable relief, including because Plaintiff has an adequate remedy at law, has not established irreparable injury, and the request for such relief is moot.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Personal Jurisdiction)**

98. Defendant is not subject to personal jurisdiction in this case.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Improper Venue)**

99. Venue is not proper in this Judicial District.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Preemption)**

100. All claims for relief that are not asserted under the Copyright Act are preempted by the Copyright Act.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Punitive Damages Unrecoverable)**

101. Plaintiff's request for punitive damages is preempted by the Copyright Act and, in any event, is unconstitutional.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Damages and Profits Are Limited Or Unrecoverable)**

102. Even if Plaintiff could prevail, Plaintiff is entitled to little if any damages or profits because such damages or profits are not a result of or attributable to the alleged infringement.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Invalid Registrations)**

103. Plaintiff's alleged copyright registrations are invalid.

**ADDITIONAL DEFENSES**

104. Defendant alleges that there may be additional affirmative defenses to Plaintiff's alleged claims for relief which are currently unknown to Defendant. Defendant reserves the right to amend this Answer to allege additional affirmative defenses in the event discovery or other information indicates they are appropriate.

**PRAYER**

**WHEREFORE**, Defendant prays for the following relief on its Answer to the Complaint:

a. That Plaintiff take nothing by her Complaint, and that the Complaint be dismissed with prejudice and judgment be entered in Defendant's favor;

b. That Defendant be awarded costs of suit herein;

c. That Defendant be awarded its attorneys' fees under the Copyright Act

and as otherwise authorized; and

d. Such other and further relief as this Court deems just and proper.

Dated: January 18, 2023

RUTAN & TUCKER, LLP
RONALD P. OINES
TALYA GOLDFINGER

By: *<u>/s/ Ronald P. Oines</u>*
Ronald P. Oines
Attorneys for Defendant
CR Wooster Street Corporation d/b/a
Cynthia Rowley

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: January 18, 2023

RUTAN & TUCKER, LLP
RONALD P. OINES

By: */s/ Ronald P. Oines*
Ronald P. Oines
Attorneys for Defendant
CR Wooster Street Corporation d/b/a
Cynthia Rowley